**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael Y. Jung, State Bar No. 245260
  Email:  *mjung@luch.com*
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>            Plaintiffs,<br><br>     v.<br><br>GAUDENTI & SONS CORPORATION, a California corporation,<br><br>            Defendant. | CASE NO.:  2:18-cv-09298<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1287284

1
COMPLAINT

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Fund for the Construction Industry Advancement, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. §185(a)], in that this is the district in which the Plaintiffs' trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively, the "Trustees") are the trustees of four express trusts (the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff Fund for Construction Industry Advancement is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff Engineers Contract Compliance Committee Fund is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein defendant Gaudenti & Sons Corporation (hereinafter "Gaudenti") has been a corporation organized and existing by virtue of the laws of the State of California with its principal place of business located in San Pedro, California.

**EXECUTION OF BARGAINING AGREEMENT AND STATUS OF PARTIES**

8. On or about September 4, 1985, Gaudenti executed and delivered a written collective bargaining agreement ("Agreement") to Local 12, whereby Gaudenti agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12. In particular, Gaudenti agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and Southern California Contractors Association, Inc. ("Association"). On or about September 4, 1985, Gaudenti also signed written acknowledgments and acceptances of each of the Trust Agreements.

9. At all times since at least September 4, 1985, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12. At all times herein, Gaudenti was obligated to the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements.

10. Gaudenti is an "employer," as that term is understood in the Master Agreement and related Trust Agreements.

11. Gaudenti is an "employer" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Gaudenti is "obligated to make contributions to a multiemployer plan" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Gaudenti is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

# FIRST CLAIM FOR RELIEF

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

12. Plaintiffs hereby incorporate by reference paragraphs 1 through 11 above to the same effect as if set forth here verbatim.

13. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14. Gaudenti is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

   (A) Gaudenti agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal.

   (B) At all times material herein, Gaudenti has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

   (C) Gaudenti agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit

contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

      (D)   Gaudenti agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

    16.   Gaudenti failed to submit Monthly Reports to Plaintiffs reflecting work performed by Gaudenti employees during the months of July 2018 through present in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145]. The total amount of contributions owed to Plaintiffs is currently unknown, but will be established by proof at the trial herein.

    17.   Gaudenti also failed to submit accurate monthly reports to Plaintiffs reflecting work performed during the month of March 2018. Based information received from one of Gaudenti's employees, Gaudenti owes fringe benefit contributions totaling at least $1,572.79 for work performed during March 2018.

    18.   Plaintiffs are informed and believe, and thereon allege, that Gaudenti has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs. These additional amounts will be established by proof.

    19.   Gaudenti is a "delinquent," as that term is used in the Master Agreement and related Trust Agreements.

    20.   Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Gaudenti's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

    21.   Gaudenti has failed to pay contributions owed to Plaintiffs accruing since at least March 2018. Pursuant to the Master Agreement, Gaudenti agreed that in the event Gaudenti failed to pay or to timely fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust

Agreements, Gaudenti would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

22. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

23. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Gaudenti owes Plaintiffs liquidated damages in amounts currently unknown to Plaintiffs that will be established by proof.

24. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Gaudenti owes Plaintiffs interest from the respective due dates on all unpaid fringe benefit contributions. The exact amount of interest owed by Gaudenti to Plaintiffs will be established by proof.

25. By the Master Agreement and related Trust Agreements, Gaudenti agreed to pay Plaintiffs all legal costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

26. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to

their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and Section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

27. Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs' shall request the Court to:

(A) Order Gaudenti to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B) Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

(C) Order Gaudenti to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Gaudenti as follows:

1. For unpaid fringe benefit contributions in the sum of $1,572.79, plus additional amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)] in amounts as proved;

4. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

5. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

5.1 An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

5.2 For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

Dated: October 30, 2018          Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung

MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated: October 30, 2018          LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung

MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.